# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRENDA WASHINGTON,**

        **Plaintiff,**

**v.**                                                                 **Case No. 10-C-830**

**MILWAUKEE POLICE DEPARTMENT;**
**OFFICERS WAWRZONNEK #1871,**
**WIOREK #3069, LEWIS #3097,**
**BOYACK #2097, COURT#3082; and**
**OFFICER GORDY;**

        **Defendants.**

## DECISION AND ORDER

The pro se Plaintiff, Brenda Washington ("Washington"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the Defendants have subjected her to a campaign of on-going harassment by means of false arrest, abuse of process, unreasonable searches and seizures, defamation of character, and false imprisonment in retaliation for her seeking vindication of her constitutional rights. She has also filed a petition and affidavit for leave to proceed *in forma pauperis* in this action.

On October 15, 2010, this Court issued a Decision and Order requiring that by November 19, 2010, Washington provide additional information to enable this Court to determine whether she is unable to pay the costs of commencing this action or that she pay the fee for filing the action. On November 19, 2010, Washington filed a sworn statement

indicating that she is single and disabled. Her household is comprised of her and her minor daughter, she receives $200 in food share benefits, and she has additional monthly expenses for food, clothing, transportation and miscellaneous needs that she addresses on an as needed basis. She states that those expenses are difficult, if not impossible, for her to list. She further states that she has no excess funds or resources to defray the costs of this action. Based on the supplemental information as well as the original information Washington provided, the Court concludes that she is unable to pay the costs of commencing this action, and proceeds to the second determination required when a court considers a request to proceed in *forma pauperis*; that is, whether the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(a)(1) & (e)(2). The Court is obligated to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In determining whether the complaint states a cause of action, all of the factual allegations contained in the complaint are accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim for

2

relief that is "plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly,* 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The caption of Washington's Complaint lists Officers Wawrzonnek, Wiorek, Lewis, Boyack, Court, and Gordy, as defendants, but the body of the Complaint includes no specific allegations against any of them. Washington has not stated a claim against Wawrzonnek, Wiorek, Lewis, Boyack, Court, or Gordy. *See Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994) (upholding district court's dismissal of a complaint that alleged no specific act or conduct on the part of the defendant and was silent as to the defendant except for his name appearing in the caption). Therefore, her Complaint against them is dismissed.

Washington also names the Milwaukee Police Department ("MPD") as a defendant and states that the MPD came to her home following the September 2010, death of a friend who lived with her, Charles Miller ("Miller"), due to injuries that he received when he was beaten in the neighborhood. She states that the MPD searched her home, seized her dog, removed a minor family member from her home and placed him in child custody, told

3

Washington's neighbors and friend that she was being sought for homicide, and arrested Washington and held her for five days for homicide, knowing that Miller died due to his injuries. However, the MPD is not a suable entity. *See Grow v. City of Milwaukee*, 84 F.Supp.2d 990 (E.D. Wis. 2000). Although not named as a defendant, the City of Milwaukee, would be a suable entity. In her complaint, however, Washington has not alleged that the campaign of harassment was pursuant to an official policy, widespread custom, or deliberate act of a decision-maker of the municipality or department. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Any amendment of the complaint to name a proper defendant in place of the MPD would be futile. Thus, *Donald v. Cook County Sheriff's Department*, 95 F.3d 548, 551 (7th Cir. 1996), which establishes that district courts have a duty to assist pro se plaintiffs in identifying the proper parties, is not applicable. Therefore, the MPD is dismissed from this action.

If Washington wants to proceed against Wawrzonnek, Wiorek, Lewis, Boyack, Court, and/or Gordy, she must file an amended complaint curing the deficiencies in the original complaint as described herein. Any amended complaint must be filed on or before December 30, 2010. Failure to file an amended complaint within the stated time period will result in dismissal of this action.

Washington is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054,

1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted).

Washington is also advised that Civil Local Rule 5(a)(3) (E.D. Wis.) states that a pro se party must include an address and a telephone number where she may be contacted. On September 22, 2010, Washington filed a letter with the Court advising that her mail should be sent to her at 215 LeClair Street, Chicago, Illinois, 60644. However, on October 4, 2010, a letter that the Clerk of Court sent to her at that address was returned as undeliverable. Having noted the previously returned mail, court personnel mailed the Court's October 15, 2010, Decision and Order to Washington at the Chicago address, and the Milwaukee address listed on her Complaint. (The copy of the Decision and Order sent to the Chicago address was also returned as undeliverable).

This Decision and Order is being mailed to both addresses. However, it is Washington's obligation to provide the Court with an address and a phone number where she may be contacted, and she must include that information on any amended complaint.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Milwaukee Police Department is **DISMISSED** from this action.

Washington's Complaint against Wawrzonnek, Wiorek, Lewis, Boyack, Court, and Gordy is **DISMISSED** for failure to state a claim against them.

**No later than December 30, 2010,** Washington **MUST** file an amended complaint curing the deficiencies in the original complaint against Wawrzonnek, Wiorek, Lewis, Boyack, Court, and Gordy as described herein. Any amended complaint **MUST** include an address and a phone number where Washington can be contacted.

Failure to comply with this order within the stated time period will result in dismissal of this action.

Dated at Milwaukee, Wisconsin this  23rd  day of November, 2010.

**BY THE COURT**

 s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
U.S. District Judge**